**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **DASHAYA CRAIG,** | ) | Case No. 16-cv-02014 |
| | ) | |
| Individually | ) | |
| and on behalf of all persons | ) | |
| similarly situated | ) | |
| as collective representative under and/or as | ) | **Hon. Ruben Castillo** |
| members of the Collective as permitted | ) | |
| under the Fair Labor Standards Act, | ) | |
| **Plaintiff,** | ) | **Mag. Judge Mary Rowland** |
| | ) | |
| v. | ) | |
| | ) | |
| **PARKSHORE NURSING AND** | ) | |
| **REHABILITATION CENTER, LLC**, | ) | |
| | ) | |
| **Defendant.** | | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiff Dashaya Craig, by and through her attorneys, the Law Office of John C. Ireland, and Defendant Parkshore Estates Nursing and Rehabilitation Center, LLC, by and through its attorneys, Schiff Hardin LLP, (collectively the "Parties") move for approval of the settlement of this action. In support of their motion, the Parties state as follows:

1. Plaintiff filed this action on February 7, 2016, alleging a violation of the Fair Labor Standards Act, 29 U.S.C. 201, et seq. ("FLSA"), and Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.* On September 20, 2016, Plaintiff amended her complaint to add collective claims under the FLSA, but did not seek to certify this as a collective or class action and did not request the sending of notice.

2. There exists between the Parties a *bona fide* dispute. The Parties recognize the outcome in this action is uncertain and achieving a final result through litigation requires additional risk, discovery, time, and expense.

3. After engaging in good faith arms-length negotiations, the Parties have reached a mutually satisfactory confidential resolution of their dispute, the terms of which are memorialized in a Confidential Settlement Agreement and Release of Claims ("Settlement Agreement"). A copy of the Settlement Agreement will be submitted to the Court *in camera* on the date of filing of this motion, but will not be filed in the public record.

4. Because this is an action seeking recovery of wages owed under the FLSA, the settlement requires court approval. *See e.g. Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 994-95 (N.D. Ind. 2010); *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).

5. The Parties agree that the terms of the settlement are fair and reasonable.

WHEREFORE, the Parties respectfully request that this Honorable Court enter an Order approving the Settlement Agreement after adjudging it to be adequate, proper, fair and reasonable.

Dated: February 28, 2017

The Law Offices of John C. Ireland,

By: \_\_/s/\_John C. Ireland_____
One of Its Attorneys

John Ireland
The Law Offices of John C. Ireland

Attorney for Plaintiff, Dashaya Craig

Respectfully Submitted,

Schiff Hardin LLP,

By: /s/ Nora Kersten Walsh
One of Its Attorneys

Patricia Costello Slovak (ARDC #2634929)
Nora Kersten Walsh (ARDC #6277774)
Schiff Hardin LLP
233 South Wacker Drive
Suite 6600
Chicago, IL 60606
(312) 258-5500

Attorneys for Defendant, Parkshore Estates
Nursing and Rehabilitation Center, LLC

- 3 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2017 I caused the foregoing Joint Motion for Approval of Settlement to be electronically filed with the clerk of the U.S. District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ Nora Kersten Walsh

CH2\19307039.1\08:15